# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **SARA J. SIGOUIN and** | ) | |
| **REAL E. SIGOUIN,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.: 10-716** |
| | ) | |
| **NCO FINANCIAL SYSTEMS, INC,** | ) | |
| **CAPITAL ONE BANK (USA) N.A., and** | ) | |
| **Fictitious Defendants "A", "B", "C",** | ) | **JURY TRIAL DEMANDED** |
| **"D", "E", "F", "G", "H", "I", and "J",** | ) | |
| **persons, corporations, firms  or other** | ) | |
| **entities whose wrongful conduct** | ) | |
| **caused the injuries and damages to the** | ) | |
| **Plaintiffs, all of whose true and correct** | ) | |
| **names are unknown to the Plaintiffs at** | ) | |
| **this time, but will be added by** | ) | |
| **amendment when ascertained;** | ) | |
| **Defendants.** | ) | |

---

## COMPLAINT

---

Sara J. Sigouin and Real E. Sigouin, by and through undersigned counsel, file this Complaint against Defendants NCO Financial Systems, Inc., Capital One Bank (USA), N.A., and fictitious defendants whose actions and wrongful conduct caused the injuries, violations, and damages, and states as follows:

## JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C., §1331 and pursuant to

15 U.S.C., §1692k(d).

2.      This action arises out of the Defendants' violations of the Fair Debt

Collection Practices Act, 15 U.S.C., §1692 et seq. ("FDCPA"), the Alabama

Deceptive Trade Practices Act, Alabama Code 1975, §8-19-1 ("ADTPA") and state

common law causes of actions by these Defendants, jointly and severally, in their

illegal efforts to collect a consumer debt.

3.      Venue is proper in this District because the acts and transactions

occurred here and the Defendants transact business here.

## PARTIES

4.      Plaintiff Sara J. Sigouin ("Sara Sigouin")  is a natural person who

resides in the City of Mobile, County of Mobile, State of Alabama, and is a

"consumer" as that term is defined by 15 U.S.C., §1692a(3).

5.      Plaintiff Real "Ray" E. Sigouin ("Ray Sigouin")  is a natural person who

resides in the City of Mobile, County of Mobile, State of Alabama, and is a

"consumer" as that term is defined by 15 U.S.C., §1692a(3).

6.      Defendant NCO Financial Systems, Inc., is a corporation with its

principal place of business in the State of Pennsylvania and, based on information and

belief, engages in the business of debt collection and is a "debt collector" as that term

is defined by 15 U.S.C., §1692a(6) conducting regular, systematic business in this Judicial District.

7.    Defendant Capital One Bank (USA), N.A., is a corporation with its principal place of business in the State of Virginia and, based on information and belief, doing business in this Judicial District.

8.    Fictitious Defendants "A", "B", "C", "D", "E", "F", "G", "H", "I", and "J", are

persons, corporations, firms  or other entities whose wrongful conduct caused the injuries, violations,  and damages to the Plaintiffs, all of whose true and correct names are unknown to the Plaintiffs at this time, but will be added by amendment when ascertained.

## FACTUAL ALLEGATIONS

9.    On or about February 8, 2010, the Plaintiffs notified Capital One that they were closing their account with them and that they were owed credit for reward miles in the amount of $158.21 which they were to apply toward a charge on their account in the amount of $150.00.

10.    On or about February 22, 2010, the Plaintiffs received a notification from Capital One that they were one payment behind which they promptly disputed.

11.    On or about June 25, 2010, the Plaintiffs received notice that the account with Capital One had been placed with NCO Financial Systems, Inc., for collection.

Since that date, even after disputing the debt, Defendant NCO has threatened and

harassed the Plaintiffs for this alleged debt owed to Capital One.

12.    Defendant NCO has made hundreds of telephone calls in an attempt to

harass and  threaten the Plaintiffs, sometimes making as many as 10 to 20 calls per

day.

13.    All actions taken by employees, agents, servants, or representatives of

any type for the named or fictitiously plead Defendants were taken in the line and

scope of such individuals' (or entities') employment, agency or representation.

14.    Defendants' intentional, reckless and wilful violations of the FDCPA,

ADTPA, federal law and state law has proximately caused Plaintiff to suffer severe

mental distress, mental and physical pain, embarrassment and humiliation which

Plaintiff will in the future continue to suffer.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST NCO FINANCIAL COMPANY

15.    Plaintiffs incorporate by reference the allegations of all preceding

paragraphs as if set forth fully herein.

16.    The Defendant NCO in this action fraudulently, improperly, and illegally

attempted to collect on an amount that is not owed by Plaintiffs.

17.    The Defendants' actions as described herein constitute violations of

numerous and multiple provisions of the FDCPA including, but not limited to, 15

U.S.C. ,§§1692d, 1692e, and 1692f, amongst others.

18.     As a result of Defendants', whether named or fictitiously described,

violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15

U.S.C., §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15

U.S.C., §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15

U.S.C., §1692k(a)(3) from Defendants.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiffs pray that judgment be entered against the named

and fictitiously plead Defendants:

A.     For an award of actual damages in an amount to be proven at trial

pursuant to 15 U.S.C., §1692k(a)(1);

B.     For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.,

§1692k(a)(2)(A);

C.     For an award of costs of litigation and reasonable attorney's fees

pursuant to 15 U.S.C., §1692k(a)(3); and

D.     Any further and different relief as allowed by law.

## COUNT II

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST NCO FINANCIAL COMPANY

19.     Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

20.     The Defendants' actions as described herein constitute violations of numerous and multiple provisions of the FDCPA including, but not limited to, 15 U.S.C., §§1692d, 1692e, 1692f, and 1692i, amongst others.

21.     As a result of Defendants', whether named or fictitiously described, violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C., §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C., § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C., §1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the named and fictitiously plead Defendants:

A.     For an award of actual damages in an amount to be proven at trial pursuant to 15 U.S.C., § 1692k(a)(1);

B.     For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C., §1692k(a)(2)(A);

C.     For an award of costs of litigation and reasonable attorney's fees

pursuant to 15 U.S.C., §1692k(a)(3); and

D.     Any further and different relief as allowed by law.

## COUNT III

**VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
AGAINST NCO FINANCIAL COMPANY**

22.     Plaintiffs incorporate by reference the allegations of all preceding

paragraphs as if set forth fully herein.

23.     The conduct described herein has caused actual confusion or

misunderstanding as to the source, sponsorship, approval, or certification of service

within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code §8-19-3.

24.     Such conduct is generally and specifically within the meaning of the

Alabama Deceptive Trade Practices Act, Ala. Code §8-19-3, *et. seq.*, and in the

course of business that is prohibited, unfair, and deceptive.

25.     The foregoing acts and omissions of Defendants were undertaken by

        them willfully,

intentionally, and knowingly as part of their routine debt collection business, and

Plaintiffs relied upon representation as being lawful, yet such conduct is prohibited.

26.     The conduct described herein has tremendous potential to be repeated

where other consumers similarly situated will be treated with the same unscrupulous,

unethical, unfair and deceptive acts and practices.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the

Defendants, whether named or fictitiously described herein:

    A.    For an award of actual damages in an amount to be proven at trial;

    B.    For an award of statutory damages;

    C.    For an award of costs of litigation and reasonable attorney's fees; and

    D.    Any and all other relief allowed by law.

## COUNT IV

### NEGLIGENT, RECKLESS, AND WANTON CONDUCT AGAINST NCO FINANCIAL COMPANY AND CAPITAL ONE

27.    Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

28.    The named and fictitiously plead Defendants' acts, as described herein, were done so negligently and without care or concern for the well being of the Plaintiffs.

29.    As a proximate consequence of Defendants' negligence, Plaintiffs have been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiffs for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that judgment be entered against the named

and fictitiously plead Defendants:

      A.     For actual damages;

      B.     For compensatory damages;

      C.     For punitive damages;

      D.     Costs and attorney's fees; and

      E.     Any and all other relief allowed by law.

## **COUNT V**

**HARASSMENT**
**AGAINST NCO FINANCIAL COMPANY AND CAPITAL ONE**

30.    Plaintiffs incorporate by reference the allegations of all preceding

paragraphs as if set forth fully herein.

31.    The named and fictitiously plead Defendants' acts, as described herein,

were done so intentionally, maliciously, and willfully, and without care or concern for

Plaintiffs' well being.  Defendants' harassing collection tactics, and/or refusal to

assure the accuracy of the information published regarding Plaintiffs, created a hostile

environment for Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that judgment be entered against the named

and fictitiously plead Defendants:

     A.     For actual damages;

     B.     For compensatory damages;

     C.     For punitive damages;

     D.     Costs and attorney's fees; and

     E.     Any and all other relief allowed by law.

## COUNT VI

### INVASION OF PRIVACY
### AGAINST NCO FINANCIAL COMPANY AND CAPITAL ONE

32.     Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

33.     The named and fictitiously plead Defendants' conduct, as described herein, constitutes an invasion of Plaintiffs' privacy in that it intrudes into Plaintiffs' private life, publishes private facts regarding Plaintiffs and places Plaintiffs in a false light in the eyes of those to whom the publications are made.

34.     Defendants' actions were done so maliciously, without privilege, and with a willful intent to injure Plaintiffs.

35.     As a proximate consequence of Defendants' invasion of Plaintiffs' privacy, Plaintiffs have been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiffs for actual, compensatory, and punitive

damages, costs and attorney's fees, and any other and further relief deemed appropriately by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the Defendants, whether named or fictitiously described herein:

A.    For actual damages;

B.    For compensatory damages;

C.    For punitive damages;

D.    Costs and attorney's fees; and

E.    Any and all other relief allowed by law.

## COUNT VII

### DEFENDANTS' MISREPRESENTATION
### AGAINST NCO FINANCIAL COMPANY AND CAPITAL ONE

36.    Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

37.    The named and fictitiously plead Defendants intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that they falsely represented to others that Plaintiffs owe money to the Defendants.

38.    Defendants intend that those who review the public records of the Plaintiffs will rely upon the misrepresentations and suppressions of material fact

related to the balance owed and a false credit card number is issued on the complaint.

39.     Defendants intended that the justifiable and reasonable reliance by others would adversely affect Plaintiffs.

40.     As a proximate consequence of Defendants' intentional misrepresentation, Plaintiffs have been caused to suffer severe emotional distress, and Defendants are liable to Plaintiffs for actual, compensatory, and punitive damages, costs and attorney fees, and any other and further relief deemed appropriate by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the Defendants, named or fictitiously described therein:

A.     For actual damages;

B.     For compensatory damages;

C.     For punitive damages;

D.     Costs and attorney's fees; and

E.     Any and all other relief allowed by law.

## COUNT VIII

## DECLARATORY AND INJUNCTIVE RELIEF
## AGAINST NCO FINANCIAL COMPANY AND CAPITAL ONE

41.     Plaintiffs incorporate by reference the allegations of all preceding

paragraphs as if set forth fully herein.

42.    A dispute exists as to whether the named and fictitiously plead

Defendants have violated the FDCPA, ADTPA, federal law or state law.

43.    Plaintiffs are entitled to declaratory relief in determining that the above

referenced federal and state laws have been violated and that the Plaintiffs do not owe

the debt that is the basis for this cause.

44.    Plaintiffs are entitled to injunctive relief to enjoin the unlawful acts and

the collection on the underlying alleged debt.

45.    Plaintiffs are entitled to injunctive relief to determine that the obligation

collected on by Plaintiffs is not owed.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that judgment be entered against the

Defendants, whether named or fictitiously described herein:

A.    Declaring that the FDCPA and the ADTPA have been violated;

B.    Declaring that the Plaintiffs do not owe the underlying debt to NCO

Financial Company or Capital One;

C.    Enjoining the Defendants from the unlawful acts and the collection on

the underlying

alleged debt; and

D.    Any and all other relief allowed by law.

PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY

**RICHARD F. MATTHEWS, JR.
(MAT048)** ASB-0240-D50M
**Attorney for Plaintiff**s
The Anderson Law Firm, LLC
7515 Halcyon Pointe Drive
Montgomery, Alabama 36117
Telephone: 334-272-9880
Facsimile: 334-272-2551
Email:
rmatthews@theandersonlawfirm.com

**<u>Please serve the Defendants by certified mail at the following address:</u>**

NCO Financial Systems, Inc.
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Capital One Bank
c/o P Corp
Corporation Service Company
11 S 12th Street
Richmond, VA 23218